UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS WIEDENHOEFT,

        Petitioner,                                             Case No. 22-mc-0046-bhl

**ORDER DISMISSING PETITION**

On December 19, 2022, Thomas Wiedenhoeft filed a peculiar petition, the substance of which reads simply: "I claim harm by way of trespass." (ECF No. 1.) Contemporaneously, he filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that the litigant is unable to pay the costs of commencing the action, and the action is not frivolous, states a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2). Wiedenhoeft's petition will be dismissed because he has failed to satisfy either prong.

Although he requests to proceed without paying the filing fee, Wiedenhoeft makes no attempt to establish his indigency. The closest he comes to addressing the filing fee is a series of his own questions:

> Will you accept payment in gold or silver? Will you be forcing any man or woman to pay any of your fees, costs, or filing fees with something other than gold or silver? If you will not accept gold [or] silver as payment of fees and costs, will you eliminate the filing fee, other fees, and other costs or explain how you will charge this?

(ECF No. 2 at 2.) The Court cannot presume indigency in the absence of an affirmative declaration. *See Robertson v. French*, 949 F.3d 347, 350 (7th Cir. 2020) (noting that an application to proceed *in forma pauperis* must include a statement of assets). Because Wiedenhoeft does not provide any evidence to support a claim of indigency, his request to proceed without prepaying the filing fee must be denied.

Indigency issues aside, Wiedenhoeft's petition is also patently frivolous. He attempts to invoke this Court's federal question jurisdiction under 28 U.S.C. Section 1331 but references only trespass—a State cause of action—and Article I, Section 9 of the Wisconsin Constitution, which entitles Wisconsinites to remedies for wrongs. (ECF No. 1.) Federal question jurisdiction exists

"only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The one-page face of this complaint (or petition) presents no federal question whatsoever.

In sum, this is a frivolous action that fails to state a claim filed by a petitioner who seeks to skirt the filing fee without any evidence of indigency. For all of those reasons, the petition must be dismissed.

**IT IS HEREBY ORDERED** that Wiedenhoeft's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED**. Further, because the case is frivolous and fails to state a claim, it is **DISMISSED** under 28 U.S.C. Section 1915(e)(2)(B)(i), (ii). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge